# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HUEY MATTHEW MOONEY, III** | **CIVIL ACTION** |
| **versus** | **NO. 11-3008** |
| **STEVE RADER, WARDEN** | **SECTION: "N" (1)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE** as untimely.

Petitioner, Huey Matthew Mooney, III, is a state prisoner incarcerated at the Dixon Correctional Institute, Jackson, Louisiana. On June 2, 2008, he pleaded guilty in the Louisiana Twenty-Second Judicial District Court to multiple offenses under state law, as follows:

In case number 417039, he pleaded guilty to possession with intent to distribute cocaine, and he also pleaded guilty to being a second offender. He was sentenced as a second

offender to a term of twenty-five years imprisonment with the first two years to be served without benefit of probation, parole, and suspension of sentence.

Also in case number 417039, he pleaded guilty to possession with intent to distribute Methadone, for which he was sentenced to a concurrent sentence of ten years imprisonment with the first two years to be served without benefit of probation, parole, and suspension of sentence.

Also in case number 417039, he pleaded guilty to possession with intent to distribute Clonazepam, for which he was sentenced to a concurrent term of ten years imprisonment.

Also in case number 417039, he pleaded guilty to possession of a firearm while in the possession of cocaine, for which he was sentenced to a concurrent term of ten years imprisonment.

Also in case number 417039, he pleaded guilty to possession of a firearm by a convicted felon, for which he was sentenced to a concurrent term of ten years imprisonment.

In case number 417750, he pleaded guilty to possession of cocaine, for which he was sentenced to a concurrent term of five years imprisonment.

In case number 418306, he pleaded guilty to possession of cocaine, for which he was sentenced to a concurrent term of five years imprisonment.

In case number 419156, he pleaded guilty to possession of marijuana, for which he was sentenced to a concurrent term of six months in parish jail.

In case number 419429, he pleaded guilty to possession of cocaine, for which he was sentenced to a concurrent term of five years imprisonment.

In case number 434339, he pleaded guilty to possession of cocaine, for which he was sentenced to a concurrent term of five years imprisonment.[1]

Petitioner thereafter appealed his convictions from case number 417039 only. On May 8, 2009, the Louisiana First Circuit Court of Appeal affirmed those convictions, the habitual offender adjudication, and all of the sentences except for the sentence on the conviction for possession with intent to distribute Methadone. With respect to that remaining sentence, the Court of Appeal amended the sentence to delete the restriction on parole eligibility and then likewise affirmed that sentence as amended.[2]

On August 12, 2010, petitioner, through counsel, filed an application for post-conviction relief.[3] That application was denied on August 24, 2010.[4] Petitioner's related writ applications were then likewise denied by the Louisiana First Circuit Court of Appeal on December 17, 2010,[5] and March 14, 2011,[6] and by the Louisiana Supreme Court on October 7, 2011.[7]

---

[1] State Rec., Vol. I of V, transcript of June 2, 2008; State Rec., Vol. II of V, habitual offender proceeding transcript of June 2, 2008; State Rec., Vols. I, IV and V of V, minute entries dated June 2, 2008; State Rec., Vol. I of V, Reasons for Judgment dated June 9, 2008.

[2] State v. Mooney, No. 2008 KA 2105 (La. App. 1st Cir. May 8, 2009); State Rec., Vol. II of V.

[3] State Rec., Vol. II of V.

[4] State Rec., Vol. II of V, Order dated August 24, 2010.

[5] State v. Mooney, No. 2010 KW 1809 (La. App. 1st Cir. Dec. 17, 2010); State Rec., Vol. II of V.

[6] State v. Mooney, No. 2011 KW 0045 (La. App. 1st Cir. Mar. 14, 2011); State Rec., Vol. II of V.

[7] State v. Mooney, 71 So.3d 309 (La. 2011) (No. 2011-KP-0682); State Rec., Vol. II of V.

On August 11, 2011, petitioner filed a "Motion to Correct an Illegal Sentence" with the state district court. That motion was denied on August 17, 2011.[8] Petitioner's related writ application was then denied by the Louisiana First Circuit Court of Appeal on October 11, 2011.[9]

On November 8, 2011, petitioner filed the instant federal application for *habeas corpus* relief.[10] The state argues that the application is untimely.[11] The state is correct.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final."[12] For the purposes of the AEDPA, a state criminal judgment is not final until *both* the petitioner's conviction *and* sentence are final. See Burton v. Stewart, 549 U.S. 147, 156-57 (2007); Scott v. Hubert, 635 F.3d 659, 665-67 (5th Cir.), cert. denied, 132 S. Ct. 763 (2011).

---

[8] State Rec., Vol. II of V. The United States Fifth Circuit Court of Appeals has held that federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana prisoner's *pro se* state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006). That date cannot be gleaned with certainty from the record; however, because the cover letter accompanying the motion was dated August 11, 2011, it obviously was placed in the mail no earlier than that date.

[9] State v. Mooney, No. 2011 KW 1660 (La. App. 1st Cir. Oct. 11, 2011); State Rec., Vol. II of V.

[10] Rec. Doc. 1.

[11] Rec. Docs. 9 and 10.

[12] Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

With respect to determining the date of finality, the United States Fifth Circuit Court of Appeals has explained:

> When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003). However, "[i]f the defendant stops the appeal process before that point," ... "the conviction becomes final when the time for seeking further direct review in the state court expires." Id. at 694; see also Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).
> Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review. See Foreman, 383 F.3d at 338-39. As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal. See Causey v. Cain, 450 F.3d 601, 606 (5th Cir. 2006); Roberts, 319 F.3d at 693.

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008).

With respect to petitioner's criminal judgments in case numbers 417750, 418306, 419156, 419429, and 434339, those criminal judgments became final on July 2, 2008, when his time for filing an appeal lapsed.[13] Accordingly, pursuant to 28 U.S.C. § 2244(d)(1)(A), his period for seeking federal *habeas corpus* relief of those criminal judgments commenced on that date and expired on July 2, 2009, unless that deadline was extended through tolling.

---

[13] See State v. Counterman, 475 So.2d 336, 338 (La. 1985) (conviction and sentence are final upon the failure of the defendant to make a timely motion for appeal); La.C.Cr.P. art. 914 (a defendant has thirty days to appeal).

With respect to petitioner's criminal judgments in case number 417039, the Louisiana First Circuit Court of Appeal issued its decision on direct appeal on May 8, 2009. Therefore, his state criminal judgments in that case became final for AEDPA purposes no later than June 8, 2009, when his time expired for seeking further direct review by the Louisiana Supreme Court.[14] Accordingly, pursuant to 28 U.S.C. § 2244(d)(1)(A), the period that petitioner had to file his application for federal *habeas corpus* relief with respect to those state criminal judgments commenced on that date and expired on June 8, 2010, unless that deadline was extended through tolling.

The Court first considers statutory tolling. Regarding the statute of limitations, the AEDPA expressly provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). However, petitioner had no such applications pending at any time during the applicable one-year periods. Therefore, he is not entitled to any statutory tolling credit under 28 U.S.C. § 2244(d)(2).[15]

---

[14] Pursuant to Louisiana Supreme Court Rule X, § 5(a), a litigant has only thirty days to file a writ application to challenge a judgment of a Louisiana intermediate appellate court. However, because the thirtieth day of that period here fell on a Sunday, petitioner had until the following Monday, June 8, 2009, to file a writ application in the Louisiana Supreme Court. See La.C.Cr.P. art. 13; La.Rev.Stat.Ann. § 1:55.

[15] The Court notes that petitioner subsequently filed a state post-conviction application on August 12, 2010, and a motion to correct an illegal sentence on August 11, 2011. However, applications filed *after* the expiration of the federal statute of limitations have no bearing on the timeliness of his federal application. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000). Simply put, once the federal limitations period expired, "[t]here was nothing to toll." Butler v. Cain, 533 F.3d 314, 318 (5th Cir. 2008).

The Court must also consider equitable tolling. The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling. Holland v. Florida, 130 S.Ct. 2549, 2560 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (internal quotation marks omitted); see also Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). In the instant case, petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

Because petitioner is entitled to neither statutory nor equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before July 2, 2009, to challenge his criminal judgments in case numbers 417750, 418306, 419156, 419429, and 434339, and on or before June 8, 2010, to challenge his criminal judgments in case number 417039. His federal application was not filed until November 8, 2011,[16] and it is therefore untimely.

---

[16] "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner placed his federal application in the prison mailing system on November 8, 2011. Rec. Doc. 1, p. 9.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Huey Matthew Mooney, III, be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[17]

New Orleans, Louisiana, this twenty-second day of February, 2012.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[17] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.